UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD HORTON d/b/a WOODWAY ON THE GREEN, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-02807 |
| PELEUS INSURANCE COMPANY, STRATA CLAIMS MANAGEMENT, LLC, ENGLE MARTIN & ASSOCIATES, INC., RISA HAYES VALLEJO and CHRISTOPHER VAN REES, | § § § § § § | |
| Defendants. | § | |

## DEFENDANT PELEUS INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Peleus Insurance Company ("Peleus") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

## I.
## INTRODUCTION

1.      Plaintiff Richard Horton d/b/a Woodway on the Green, Inc. ("Plaintiff") commenced this lawsuit on August 29, 2017 by filing Plaintiff's Original Petition & Jury Demand ("Petition") in the 134th Judicial District Court of Dallas County, Texas – Cause No. DC-17-11083.

2.      This lawsuit arises out of Plaintiff's claim for coverage under a commercial property insurance policy issued by Peleus for storm damage purportedly sustained by Plaintiff's Fort Worth, Texas property during a weather event allegedly occurring on March 17, 2016. Plaintiff's Petition, which includes a jury demand, asserts several common law and statutory causes of action against Peleus.

3.      In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiff's Petition also asserts statutory causes of action against three in-state defendants:

a.      Strata Claims Management, LLC ("Strata") – Peleus' retained third-party claims administrator for Plaintiff's property insurance claim;

b.      Risa Vallejo ("Vallejo") – an individual employed as Claims Manager by third-party claims administrator Strata; and

c.      Christopher Van Rees ("Van Rees") – an independent insurance claims adjuster employed by third-party independent adjusting firm Engle Martin & Associates, Inc. ("EMA").

As set forth below, Strata, Vallejo, and Van Rees have been improperly joined as defendants in this lawsuit, because Plaintiff's vague and conclusory allegations against Strata, Vallejo, and Van Rees provide no reasonable basis for recovery.

4.      Plaintiff purports to have served Peleus with Plaintiff's Petition on September 12, 2017 (by serving Peleus' "Claims Manager" via certified mail, return receipt requested).[1] Accordingly, subject to and without waiving any objection(s) or challenge(s) to the sufficiency of service, Peleus files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b).

5.      Defendant EMA consents to the removal of this action from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, as the undersigned counsel represents EMA in this action

---

[1]      *See* Affidavit of Service (Peleus), a copy of which is as <u>Exhibit A-3-e</u>.

6.      Defendants Strata, Vallejo, and Van Rees need not consent to removal as Peleus contends Strata, Vallejo, and Van Rees were improperly joined.[2] However, to the extent necessary, Strata, Vallejo, and Van Rees consent to removal as the undersigned counsel represents Strata, Vallejo, and Van Rees in this action.

## II.
## BASIS FOR REMOVAL

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Peleus.**

9.      Plaintiff Richard Horton d/b/a Woodway on the Green, Inc. is a domestic corporation organized under the laws of the State of Texas with its principal place of business in Texas. Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

10.     Defendant Peleus Insurance Company is an insurance company incorporated in the State of Virginia with its principal place of business in Richmond, Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

11.     Defendant Strata is a limited liability company organized under the laws of the State of Texas. Strata's sole member/manager is ClearView Risk Insurance Programs, LLC – a limited liability company organized under the laws of the State of Texas. ClearView Risk

---

[2]    *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

Insurance Programs, LLC's sole member/manager is ClearView Risk Holdings, LLC – a limited liability company organized under the laws of the State of Delaware. The members/managers of ClearView Risk Holdings, LLC's are citizens of Illinois, New York, and Texas. Defendant Strata is thus a citizen of Illinois, New York, and Texas for diversity jurisdiction purposes; however, because Strata was improperly joined as a defendant in this action, its citizenship should be disregarded by this Court in determining jurisdiction under 28 U.S.C. § 1332(a)

12.     Defendant EMA is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. EMA is thus citizen of Georgia for diversity jurisdiction purposes.

13.     Defendant Vallejo is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Vallejo's citizenship, because Plaintiff has improperly joined Vallejo as a defendant in this action in efforts to defeat this Court's jurisdiction. As set forth below, there is no possibility that Plaintiff will be able to establish a cause of action against Vallejo in this matter.

14.     Defendant Van Rees is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Van Rees' citizenship, because Plaintiff has improperly joined Van Rees as a defendant in this action in efforts to defeat this Court's jurisdiction. As set forth below, there is no possibility that Plaintiff will be able to establish a cause of action against Van Rees in this matter.

15.     Complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit, because Plaintiff is a citizen of Texas and Peleus (the only properly joined defendant in this action) is a citizen of Virginia.

***(1)***     ***Plaintiff Improperly Joined Strata, Vallejo, and Van Rees as Defendants to Defeat This Court's Diversity Jurisdiction.***

16.     Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] Under this second approach, which applies here, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[4]

17.     When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[5] And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[6] This analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*[, 550 U.S. 544, 547 (2007)]."[7]

18.     Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[8] "Factual allegations must be

---

[3]    *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)) (emphasis in original).

[4]    *Id.* (quoting *Smallwood,* 385 F.3d at 573.

[5]    *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[6]    *Id.*

[7]    *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[8]    *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

enough to raise a right to relief above the speculative level."[9] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[10] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[11] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[12] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.[13]

> (a) ***The sparse and conclusory allegations in Plaintiff's Petition fail to establish a reasonable possibility of recovery against Strata, Vallejo, and Van Rees.***

19.     Under this standard, it is clear Plaintiff's Petition fails to establish a reasonable possibility of recovery against Strata, Vallejo, and Van Rees. Indeed, rather than alleging specific facts against Strata, Vallejo, and Van Rees which (if established) would lead to individual liability, Plaintiff has articulated only non-specific and conclusory allegations against Strata, Vallejo, and Van Rees, together with near-verbatim quotations of statutory provisions that Plaintiff contends Strata, Vallejo, and Van Rees violated.[14] These "naked assertions devoid of

---

[9]   *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[10]  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[11]  *Ashcroft,* 556 U.S. at 678 (2009).

[12]  *See Twombly,* 550 U.S. at 565.

[13]  *See id.*

[14]  *See* Plaintiff's Petition at ¶¶4.4-4.5, 5.2-5.9, 6.2-6.5, and 13.1-13.3.

further factual enhancement" fall fatally short of stablishing a viable cause of action against Strata, Vallejo, and Van Rees under Texas law.[15]

**(b)** ***Strata, Vallejo, and Van Rees cannot be held liable for alleged violations of Texas Insurance Code § 541.060 under the facts alleged in Plaintiff's Petition.***

20.     In addition to being hopelessly vague, Plaintiff's allegations against Strata, Vallejo, and Van Rees fail for yet another reason: The courts of this District have repeatedly held that non-insurer entities and independent insurance – like Strata, Vallejo, and Van Rees in this matter – cannot be held liable on the claims asserted in Plaintiff's Petition under the facts alleged therein. Plaintiff's Petition alleges (in collective and conclusory fashion) that Peleus, EMA, Strata, Vallejo, and Van Rees committed the following violations of Section 541 of the Texas Insurance Code:

- Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[16]

---

[15]   *Ashcroft,* 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)*; Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that substantially similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co.,* 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'").

[16]   *See* Plaintiff's Petition at ¶¶5.2 and 5.5.

However, the courts of this District have found each of these allegations insufficient to support an independent cause of action against non-insurer entities and/or independent insurance professionals like Strata, Vallejo, and Van Rees.

21.     Texas law permits claims adjusters and third-party claims administrators to be held individually liable for violations of the Texas Insurance Code.[17] "But for [such an individual or entity] to be held individually liable, [it] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[18] .

22.     This is true of Plaintiff's contention that Strata, Vallejo, and Van Rees violated Section 541.060(a)(2)(A) of the Texas Insurance Code by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy [was] reasonably clear"[19] – a section of the Texas Insurance Code under which the courts of this District have held that non-insurer entities and independent insurance professionals like Strata, Vallejo, and Van Rees cannot be held liable.[20] Plaintiff's Petition thus fails to state a claim against Strata, Vallejo, and Van Rees for purported violations of Section 541.060(a)(2)(A).

23.     Plaintiffs are also prohibited from recovering against Strata, Vallejo, and Van Rees under Texas Insurance Code § 541.060(a)(7), which provides for potential liability against an

---

[17]  *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[18]  *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v. State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[19]  *See* Plaintiff's Petition at ¶5.2.

[20]  *Messersmith*, 10 F.Supp.3d at 724; *see also Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (holding that an adjuster cannot be held liable under section 541.060(a)(2)(A) of the Texas Insurance Code because, as an adjuster, he does not have settlement authority on behalf of the insurer); *Mercury Multifamily Mgmt., LLC v. Peleus Ins. Co.*, No. 3:16-CV-2557-D, 2016 WL 9091289, at *3 (N.D. Tex. Nov. 30, 2016) (Fitzwater, J.).

insurer who "refus[es] to pay a claim without conducting a reasonable investigation with respect to that claim." [21] As the courts of the Northern District have recognized:

> Like § 541.060(a)(2), the bad behavior that [§ 541.060(a)(7)] targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.[22]

Plaintiffs' Petition thus falls short of establishing a possibility of recovery against Kirn under Section 541.060(a)(7) of the Texas Insurance Code.

### (c)   *Strata, Vallejo, and Van Rees cannot be held liable for alleged violations of Texas Insurance Code § 541.061 under the facts alleged in Plaintiffs' Petition.*

24.   Plaintiff's claims against Strata, Vallejo, and Van Rees under Texas Insurance Code §§ 541.061(1)-(3) likewise fail. With respect to these statutory provisions, each of which concerns the misrepresentation of an insurance policy, Plaintiff's Petition makes the following boilerplate allegations:

> Peleus, Strata, Engle Martin, Ms. Vallejo, and Mr. Van Rees misrepresented the insurance policy under which it affords Property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061(1). Peleus, Engle Martin, and Van Rees misrepresented the insurance policy to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061(1).[23]
>
> Peleus, Strata, Engle Martin, Ms. Vallejo, and Mr. Van Rees misrepresented the insurance policy under which it affords property coverage to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading in

---

[21]   TEX. INS. CODE § 541.060(a)(7).

[22]   *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (quoting *Messersmith*, 10 F.Supp.3d at 725) (internal brackets omitted); *see also Mercury Multifamily Mgmt.*, 2016 WL 9091289 at *3 (same).

[23]   Plaintiff's Petition at ¶5.6.

violation of Texas Insurance Code Section 541.061(2). Peleus, Strata, and Engle Martin misrepresented the insurance policy to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading in violation of Texas Insurance Code Section 541.061(2)[24]

Peleus, Strata, Engle Martin, Ms. Vallejo, and Mr. Van Rees misrepresented the insurance policy under which it affords property coverage to Plaintiff, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061(3) and Texas Insurance Code Section 541.002(1). Defendants misrepresented the insurance policy to Plaintiff, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061(3) and Texas Insurance Code Section 541.002(1)[25]

But, as the courts of this District have concluded, these exact allegations – all of which are mere recitations of statutory language – are too conclusory to provide the Court with a reasonable basis to predict that Plaintiff can recover against Strata, Vallejo, and Van Rees under Sections 541.061(1)-(3).[26] In short, Plaintiff's allegations set forth only a theoretical possibility that Strata, Vallejo, and Van Rees could be held liable under these sections and, therefore, fail to state a claim under Section 541.061(1)-(3).[27]

---

[24]   Plaintiff's Petition at ¶5.7.

[25]   Plaintiff's Petition at ¶5.8.

[26]   *See Meritt Buffalo Events Center, LLC v. Central Mutual Insurance Company,* No. 3:15-CV-3741-D, 2016 WL 931217, at *5 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.) (holding that virtually identical allegations were too conclusory to provide the Court with a reasonable basis to predict that plaintiff could recover against individual adjusters); *Mainali Corp.,* 2015 WL 5098047, at *5 (same); *Mercury Multifamily Mgmt.,* 2016 WL 9091289 at *3 (same).

[27]   *See Meritt Buffalo Events Center,* 2016 WL 931217, at *5; *Mainali Corp.,* 2015 WL 5098047, at *5; *Mercury Multifamily Mgmt.,* 2016 WL 9091289 at *3; *cf. Smallwood,* 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery").

(d) **_Strata, Vallejo, and Van Rees cannot be held liable for alleged violations of Chapter 542 of the Texas Insurance Code._**

25.     Plaintiff also misses the mark with its claims under Chapter 542 of the Texas Insurance Code – *i.e.,* Texas' Prompt Payment of Claims Act. Plaintiff's Petition seeks recovery from Strata, Vallejo, and Van Rees under Section 542.060 of the Texas Insurance Code for alleged violations of Sections 542.055(a)(1), 542.055(a)(2-3), 542.056(a), and 542.058(a).[28] However, as the courts of this District have aptly noted, "the Prompt Payment of Claims Act applies only to insurers"[29] – not independent adjusters and/or third-party claims administrators like Strata, Vallejo, and Van Rees. As a result, Plaintiff's Petition fails to establish a reasonable probability of recovery from Strata, Vallejo, and Van Rees under any section of Chapter 542.

(e) **_Plaintiff's Petition fails to assert a plausible claim against Strata, Vallejo, and Van Rees for alleged violations of the DTPA._**

26.     Finally, Plaintiff's Petition includes no allegations to support its causes of action under the Texas' Deceptive Trade Practices Act ("DTPA"). Plaintiff's sole justification as to its DTPA causes of action against Strata, Vallejo, and Van Rees is that their alleged violations of the Texas Insurance Code are also actionable under the DTPA.[30] Because Strata, Vallejo, and Van Rees cannot be held liable under any of the asserted provisions of the Texas Insurance Code, no plausible claim arises under the DTPA.[31]

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

---

[28]   *See* Plaintiff's Petition at ¶¶6.2-6.5 and 7.1-7.2.

[29]   *Messersmith*, 10 F. Supp. 3d at 723; Tex. Ins. Code § 542.052; *see also Mercury Multifamily Mgmt.*, 2016 WL 9091289 at *3.

[30]   *See* Plaintiff's Petition at ¶¶11.1-11.2.

[31]   *Mercury Multifamily Mgmt.*, 2016 WL 9091289at *4.

27.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[32]

28.     Here, Plaintiff's Petition states that Plaintiff seeks to recover damages in excess of $1,000,000 in this lawsuit.[33] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

29.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

30.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

a.     an index of all documents attached to (or filed with) this Notice of Removal that clearly identifies each such document and indicates the date the document was filed in state court (if applicable) – identified as Exhibit A-1;

b.     a copy of the docket sheet in the state court action – identified as Exhibit A-2;

c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date) – identified as Exhibit A-3-a through Exhibit A-3-g; and

---

[32]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[33]   Plaintiff's Petition at ¶3.2.

      d.    a separately signed certificate of interested persons that complies with Local Rule 3.1(c) – identified as <u>Exhibit A-4</u>.

31.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the District Clerk of Dallas County, Texas, promptly after Peleus' filing of the notice. True and correct copies of this Notice of Removal will also be provided to all adverse parties in accordance with 28 U.S.C. § 1446(d) and the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:   _/s/ James W. Holbrook, III_
      Steven J. Badger
      Texas Bar No. 01499050
      sbadger@zelle.com
      James W. Holbrook, III
      Texas Bar No. 24032426
      jholbrook@zelle.com
      Walter W. Cardwell, IV
      Texas Bar No. 24094419
      wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On October 12, 2017, I served a true and correct copy of Defendant Peleus Insurance Company's Notice of Removal was served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

Jeffrey L. Raizner
jeff@raiznerlaw.com
Andrew P. Slania
andrew@raiznerlaw.com
Amy Bailey Hargis
amy@raiznerlaw.com
**RAIZNER SLANIA, LLP**
2402 Dunlavy Street
Houston, TX 77006
Telephone:    713-554-9099
Facsimile:    713-554-9098
_Attorneys for Plaintiff_

      _/s/ James W. Holbrook, III_
      James W. Holbrook, III